Case 14-01454-JNP    Doc 196    Filed 05/31/18    Entered 05/31/18 13:32:03    Desc Main
Document    Page 1 of 8

NOT FOR PUBLICATION

JEANNE A. NAUGHTON, CLERK

MAY 31 2018

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| |
|---|
| In re:<br><br>LOCALBIZUSA, INC.,<br><br>Debtor. |
| LOCALBIZUSA, INC., by and through JOHN W. HARGRAVE, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS J. FREUND, et al.,<br><br>Defendants. |

Case No. 09-20654 (JNP)

Chapter 7

Adv. Pro. No. 14-01454

## OPINION

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

Before the Court is the Chapter 7 Trustee's (the "Trustee") Motion to Further Amend the Complaint (the "Motion"), which is opposed by Louis Freedman and Thomas Freund.[1] For the reasons discussed below, the Trustee's Motion is DENIED, without prejudice.

### I. Background

The Trustee filed a complaint, initiating this adversary proceeding in May 2014. After Unique Billing Solutions ("UBS"), Jeffrey Rosenberg (principal of UBS), and Thomas Freund (collectively "Defendants") jointly filed a motion to dismiss, which was granted, the Trustee filed

---

[1] At the hearing to consider the Motion, the parties also presented argument related to an extension of discovery; to strike certain admissions; and to compel discovery. The Court ruled on those issues at a hearing on March 28. Therefore, this Opinion only addresses the Motion.

1

an amended complaint on September 26, 2015, and Defendants renewed their motion to dismiss on November 3, 2014. On May 14, 2015, the Court granted in part, and denied in part, the second motion to dismiss. The Trustee appealed that order and on November 24, 2015, the District Court remanded the case and permitted the Trustee to file a second amended complaint.

The Trustee filed a second amended complaint and a motion to further amend the complaint. The Defendants renewed their motion to dismiss. The Court denied both motions. Therefore, the following counts are presently pending: (1) breach of fiduciary duty against Freund and North American Marketing Tours, Inc. ("NAMT"); (2) breach of contract against NAMT, Intermediate Consulting and Management Group, LLC ("ICMG"), and UBS; and (3) negligence against Freund and NAMT.

Following the February 3, 2017, Status Hearing, the parties submitted a Joint Scheduling and Mediation Order requesting that the Court appoint Anthony Sodono, III, as the Mediator. Mediation was conducted on April 27, 2017, but was not successful. Parties then initiated discovery, which prompted various disputes before the Court.

During the course of discovery, the Trustee learned information which he believes gives rise to additional potential claims of action and, therefore, he filed this Motion on December 13, 2017. Thereafter, Freedman and Freund filed their objections, and a hearing was held on January 30, 2018.[2]

## II.    Jurisdiction

The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court. This matter is a core

---

[2] After a hearing on March 28, the parties requested that the Court conduct a settlement conference. That conference initially was held on May 11, and concluded May 14.

proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (H), & (I). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

### III. Analysis

#### 1. Trustee's Motion to Further Amend the Complaint is Denied, Without Prejudice

In the Proposed Third Amended Complaint (the "Proposed Complaint" - Exh. O to the Motion) the Trustee alleges two new causes of action: (1) piercing the corporate veils of NAMT, ICMG, and UBS, implicating Frank Cahill, Rosenberg, Freedman, Ronald Citta, and Freund; and (2) subordination of NAMT's and UBS' claims.

In New Jersey, the doctrine of piercing the corporate veil is invoked "when fraud or injustice has been perpetrated." Tsai v. Bldgs. By Jaime, Inc. (In re Bldgs. By Jamie), 230 B.R. 36, 42 (Bankr. D.N.J. 1998) (citing Lyons v. Barrett, 89 N.J. 294, 300 (1982)).

> In order to ignore the well-recognized separation of a corporation . . . from its shareholders or members for purposes of imposing liability, there must be proof that the 'corporate veil' should be pierced 'to prevent an independent corporation from being used to defeat the ends of justice, to perpetrate fraud, to accomplish a crime, or otherwise to evade the law.

Moche v. Levy, 2015 WL 10710974, *1, *12 (N.J. Super. Ct. App. Div. Apr. 22, 2016) (quoting State Dep't of Envtl. Prot. v. Ventron Corp., 94 N.J. 473, 500 (1983)).

A corporate principal may be held liable where the principal was "using [the corporation] as his 'alter ego' and thus, was abusing the corporate form in order to advance his own personal interests." Tsai, 230 B.R. at 42 (quoting Walensky v. Jonathon Royce Int'l, Inc., 264 N.J. Super. 276, 282 (App. Div. 1993)). The Third Circuit established eight nonconjunctive and nonexclusive factors to be considered in veil piercing, according to the alter ego doctrine: (1) failure to observe corporate formalities; (2) nonpayment of dividends; (3) insolvency of the debtor corporation; (4) siphoning of funds from the corporation by the dominant shareholders; (5) nonfunctioning of their officers and directors; (6) absence of corporate records; (7) the corporation is a mere facade for

3

the operation of the dominant shareholder or shareholders; and (8) gross undercapitalization. U.S. v. Pisani, 646 F.2d 83, 88 (3d Cir. 1981); Galgay v. Gangloff, 677 F. Supp. 295, 299 (M.D. Pa. 1987). The court in Galgay acknowledged that, "there must exist specific, unusual circumstances' for the alter ego doctrine to apply" and that mere allegations that the corporations in question shared assets and employees was not sufficient evidence of an alter ego relationship to survive a motion to dismiss. Id. at 300. Further, the Third Circuit explained that while the situation must present an element of injustice or fundamental unfairness, to pierce the corporate veil, a number of the Galgay factors can be sufficient to show unfairness. Pisani, 646 F.2d at 87; see also Galgay, 677 F. Supp. at 299.

The factual allegations in the Proposed Complaint are not enough to raise a right to relief above the speculative level. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court acknowledges that the Proposed Complaint alleges some unusual circumstances in this case – including that the distributing agent is a creditor, whose board members are involved with the Debtor. But this allegation alone, does not rise to the level necessary for the alter ego doctrine to apply. Further, when analyzing the eight factors of Galgay, they weigh in favor of denying the Motion because the Trustee has not sufficiently alleged an injustice. 677 F. Supp. 295.

*A. Failure to Observe Corporate Formalities*

In the Proposed Complaint, the Trustee alleges the following: UBS and ICMG had no operating agreements (Proposed Compl. ¶ 191), failed to hold regular meetings (id.), and failed to obtain proper membership consents (id. ¶ 190); NAMT failed to hold regular board meetings (id.); neither NAMT, UBS, nor ICMG had employees or officers other than Mr. Cahill, Freedman, Mr. Citta, and Mr. Rosenberg (id. ¶¶ 192, 198); NAMT did not maintain officers' and directors' liability insurance (id. ¶ 199); and UBS and ICMG did not maintain general liability insurance (id.

¶ 201). These allegations tend to show a lack of adherence to corporate formalities, therefore, this factor weighs in favor of granting the Motion.

### B. *Nonpayment of Dividends*

The Trustee has not alleged nonpayment of dividends, and therefore this factor falls in favor of denying the Motion.

### C. *Insolvency of the Debtor Corporation*

The Debtor is insolvent. UBS is also insolvent. Further, NAMT and ICMG are no longer operating. Proposed Compl. ¶¶ 3, 6. Therefore, this factor falls in favor of piercing the veil and granting the Motion.

### D. *Siphoning of Funds from the Corporation by the Dominant Shareholders*

The Proposed Complaint alleged that TD Bank terminated the Debtor's, ICMG's, NAMT's, and UBS' accounts due to suspicious actives. Proposed Compl. ¶ 98. The Trustee provides documentary support from TD Bank in support of this allegation. See id. ¶ 73. Although this does raise some suspicion, it does not rise to the level of an injustice in and of itself.

The Trustee did present various Bank of America checks to the Court at the January 30 hearing, which supports the Trustee's position related to this factor. The Trustee stated he received these checks after filing the Motion, but before the hearing. In deciding whether to grant a motion to dismiss courts, "have repeatedly declined to look beyond the complaint's allegation . . . ." See Dade v. Gaudenzia DRC, Inc., 2013 WL 3380592, at *2 n.1 (E.D. Pa. July 8, 2013). Thus, the Court must only consider the allegations in the Proposed Complaint, and not the supplemental allegations set forth at the January 30 hearing.

> [O]n a motion to dismiss, the Court can only consider the allegations contained in the Complaint. CAN v. United States, 535 F.3d 132, 140 n.3 (3d. Cir. 2008) (Finding that a district court may not look outside the pleadings when considering a 12(b)(6) Cir. N.J. 2007) (A Court does not consider "after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6))

5

(citing Commw. Of Pa. ex. El. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988).

Chen v. HD Dimension, Corp., 2010 WL 4721514, at *4 (D.N.J. Nov. 15, 2010). Reference to the checks was not included in the Proposed Complaint, thus, the Court cannot consider them as being alleged in the Proposed Complaint. Therefore, this factor presently weighs in favor of not granting the Motion.

### E.  *Nonfunctioning of their Officers and Directors*

The Proposed Complaint asserts that because NAMT, UBS, and ICMG failed to maintain operating agreements, failed to hold regular meetings, and failed to maintain sufficient capital, their officers and directors were nonfunctioning. Proposed Compl. ¶¶ 189-192. In addition, the Trustee alleges that neither NAMT, UBS, nor ICMG maintained separate phone numbers or business addresses from the entities' officers, directors, and/or members, which the Trustee asserts, is indicative of the nonfunctioning of their officers and directors. Id. ¶ 195. Although the Trustee provides support of these identical phone numbers and addresses, this alone is not enough to allege the nonfunctioning of officers and directors. Therefore, this factor weighs in favor of denying the Motion.

### F.  *Absence of Corporate Records*

The Trustee asserts that the Debtor, NAMT, UBS, and ICMG failed to maintain corporate and financial documents. Proposed Compl. ¶ 189. The Trustee has not been able to obtain corporate records, including bank accounts, through discovery, as of the filing of the Motion, despite requesting this information. Id. ¶ 107. Therefore, this factor falls in favor of granting the Motion.

### G.  *The Corporation is a Mere Façade for the Operation of the Dominant Shareholder(s)*

The Trustee alleges that the Debtor and the corporate Defendants were created solely as a means of shielding the individual Defendants from liability. Proposed Compl. ¶ 23. The Trustee

6

also asserts that the bank accounts of the corporate Defendants also acted as personal bank accounts for the individual Defendants. Proposed Compl. ¶ 201. The Trustee includes no factual allegations in support of these conclusory statements.

Further, the Trustee alleges that, although NAMT was the disbursing agent for the Debtor, the actual services were performed by Mr. Freund and Mr. Cahill. Proposed Compl. ¶ 54. This, according to the Trustee, is evidenced by the correspondence with the Court and post-confirmation reports being signed by Mr. Freund as the disbursing agent and the fact that all operating reports and accounts came from Mr. Cahill. Id. ¶ 56. Mr. Cahill, who is the owner of UBS, a creditor, was also the sole signatory of the Debtor's operating account. Id. ¶ 87. Although these alleged facts do raise concern, the Trustee has not alleged this with required specificity needed to survive a motion to dismiss. These allegations, as pled, only rise to a speculative level and, therefore, weigh in favor of denying the Motion.

### H. *Gross Undercapitalization*

The Trustee asserts that the Debtor, NAMT, UBS, and ICMG were undercapitalized and failed to maintain sufficient capital at all times. Proposed Comp. ¶¶ 194, 195. The Trustee does not make specific allegations in support of these statements. Therefore, this factor falls in favor of denying the Motion.

### I. *Corporations Act Interchangeably*

The Trustee alleges that the corporate Defendants did not function as separate entities. Proposed Compl. ¶ 188. The Proposed Complaint alleges that Mr. Freund is the registered agent for NAMT and ICMG, and also controlled the Debtor's accounts (id. ¶¶ 3, 6, 11); Mr. Rosenberg is a member of UBS, and also the president and co-chair of the Debtor (id. ¶ 12); Mr. Freedman is president of NAMT and ICMG, one of which is the disbursing agent for the Debtor (id. ¶ 1); Mr. Citta is the principal of NAMT and ICMG, one of which is the disbursing agent for the Debtor (id.

¶ 14); and Mr. Cahill is the owner of UBS, a creditor, but also the manager and member of the Board of Directors of the Debtor (id. ¶15). This does cause the Court some pause, but just because several corporations have many of the same owners, or directors and officers, is not enough. Therefore, the Trustee has not alleged facts to show how those relationships resulted in an injustice, and this factor falls in favor of denying the Motion.

When considering the Galgay factors, the Trustee has only alleged facts to show that three out of nine factors weigh in his favor. The Trustee, therefore, has not alleged sufficient facts to proceed with the Proposed Complaint. However, at the January 30 hearing, the Trustee's attorney stated that new documents had been obtained and new information had been learned since the Motion was filed that could be alleged in a further amended complaint. Moreover, the Trustee may have information that would enable him to make additional factual allegations in support of the other above factors, such that it is possible that the Trustee may be able to pleas facts that could survive a motion to dismiss. Therefore, while the Motion must be denied, the Court will allow the Trustee an opportunity to renew the Motion with a further amended proposed complaint.

## IV.    Conclusion

The Trustee's Motion to Further Amend the Complaint is DENIED, without prejudice. The Trustee may renew its Motion with an amended proposed complaint within twenty-one days.

Dated: May 31, 2018

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE