| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>Christopher J. Stanchina, Esquire, LLC<br>By: Christopher J. Stanchina, Esquire<br>222 New Road, Suite 206<br>Linwood, New Jersey 08221<br>(609) 927-0200<br>(609) 927-0900 FAX<br>Counsel for Jeffrey Rosenberg | |
| **In re:**<br><br>   LOCALBIZUSA, INC.,<br><br>                           Debtor. | **Chapter 7**<br><br>**Case No.: 09-20654 (JNP)** |
| LOCALBIZUSA, INC., by and through JOHN W. HARGRAVE, Chapter 7 Trustee,<br><br>              Plaintiff,<br><br>       v.<br><br>UNIQUE BILLING SOLUTIONS, LLC, a Nevada Limited Liability Corporation; JEFFREY ROSENBERG, an individual; FRANK CAHILL, an individual; and JOHN DOES 1-10, individuals,<br><br>              Defendants. | **Adversary No.: 14-01454 (JNP)** |

### JEFFREY ROSENBERG'S ANSWER TO THE THIRD AMENDED COMPLAINT OF THE CHAPTER 7 TRUSTEE JOHN W. HARGRAVE

Jeffrey Rosenberg ("Rosenberg") answers and responds to the Third Amended Complaint of the Chapter 7 Trustee John W. Hargrave ("Third Amended Complaint") as follows:

Parties.

1.   Denied. With fiduciary duties, the Trustee appropriately hired Unique Billing Solutions, Inc. ("UBS") to help the Debtor, for which money still is owed.

2. Admitted.

3. Admitted in part. As to the revocation allegation, Rosenberg is without sufficient information or knowledge to admit or deny this allegation.

4. Admitted in part and denied in part. UBS had two members who jointly exercised control responsibilities, and the officer allegations are denied.

5. Admitted only that Cahill was a member of UBS. See the response to allegation No. 4 above. As to the officer allegations, Rosenberg is without sufficient information or knowledge to admit or deny this allegation.

6. Denied. No one is liable.

7. Denied.

8. Denied.

9. Denied.

10. Denied and denied as stated, as documents speak for themselves.

11. Denied.

12. Denied and denied as stated, as documents speak for themselves.

## Jurisdiction and Venue.

13. Denied as stated. The law speaks for itself. Rosenberg is not a lawyer.

14. Denied as stated. The law speaks for itself. Rosenberg is not a lawyer.

15. Denied as stated. The law speaks for itself. Rosenberg is not a lawyer.

16. Denied as stated. The law speaks for itself. Rosenberg is not a lawyer.

Factual Background.

17. Admitted in part. As to the ceased operations allegation, Rosenberg is without sufficient information or knowledge to admit or deny this allegation.

18. Admitted.

19. Admitted in part. As to the ceased operations allegation, Rosenberg is without sufficient information or knowledge to admit or deny this allegation.

20. Rosenberg is without sufficient information or knowledge to admit or deny this allegation.

21. Denied and denied as stated, as documents speak for themselves. As to the "sole signatory" allegation, Rosenberg is without sufficient information or knowledge to admit or deny this allegation.

22. Denied.

The Bankruptcy.

23. Denied as stated. The filings, documents and proceedings speak for themselves.

24. Denied as stated. The filings, documents and proceedings speak for themselves.

25. Denied as stated. The filings, documents and proceedings speak for themselves.

26. Denied as stated. The filings, documents and proceedings speak for themselves.

27. Denied as stated. The filings, documents and proceedings speak for themselves.

The [Alleged] Unauthorized, Self-Dealing Payments – Denied.

28. Denied as stated. The filings, documents and proceedings speak for themselves. Throughout his pleading, the Trustee still ignores the Settlement Agreement and the Plan, even though he testified that he thought the documents were capable of differing interpretations.

29. Denied as stated. The documents speak for themselves.

30. Denied as stated. The documents speak for themselves.

31. Denied as stated. The documents speak for themselves.

32. Denied as stated. The documents speak for themselves.

33. Denied as stated. The documents speak for themselves.

34. Denied as stated. The documents speak for themselves.

35. Denied as stated. The documents speak for themselves.

36. Denied as stated. The documents speak for themselves.

37. Denied as stated. The documents speak for themselves.

38. Admitted in part. The documents speak for themselves.

39. Admitted.

40. Denied as stated. The documents speak for themselves.

41. Denied as stated. The documents speak for themselves. Again, the Trustee ignores the Settlement Agreement, the Plan, and his deposition testimony.

42. Denied as stated. The documents speak for themselves. Again, the Trustee ignores the Settlement Agreement, the Plan, and his deposition testimony.

43. Denied as stated. The documents speak for themselves. Again, the Trustee ignores the Settlement Agreement, the Plan, and his deposition testimony.

44. Denied as stated. The documents speak for themselves. Again, the Trustee ignores the Settlement Agreement, the Plan, and his deposition testimony.

45. Denied as stated. The documents speak for themselves. That said, the Trustee ignores the confirmation order too. It is too late to vacate or modify it.

46. Denied as stated. The law speaks for itself. The documents do too.

47. Admitted. Freund was not the disbursing agent. NAMT was.

48. Denied.

49. Denied. The Trustee was involved with years of discovery on this topic. He testified too. His allegation about a lack of clarity lacks merit.

50. Denied as stated. The law speaks for itself.

51. Denied and denied as stated. The law speaks for itself.

52. Denied as stated. The documents speak for themselves. Again, the Trustee ignores the Settlement Agreement, the Plan, and his deposition testimony.

53. Denied as stated. The documents speak for themselves. Again, the Trustee ignores the Settlement Agreement, the Plan, and his deposition testimony.

54. Denied as stated. The documents speak for themselves. Again, the Trustee ignores the Settlement Agreement, the Plan, and his deposition testimony.

55. Denied and denied as stated. The documents speak for themselves.

56. Denied and denied as stated. The documents speak for themselves. Again, the Trustee ignores the Settlement Agreement, the Plan, and his deposition testimony. There appears to be no Exhibit D.

57. Denied as stated. The documents speak for themselves. The Trustee mischaracterizes.

58. Admitted.

59. Admitted in part and denied in part. Admitted to the extent that the motion was rescheduled to March 6, 2012.

60. Admitted.

61. Admitted.

62. Admitted.

63. Denied and denied as stated. The documents speak for themselves. No money laundering was found, not in the least.

64. Admitted.

65. Admitted.

66. Denied as stated. The documents speak for themselves.

67. Admitted in part and denied in part. Admitted to the extent that the motions were continued to June 11, 2012.

68. Admitted in part and denied in part. Admitted to the extent that the motions were continued to July 11, 2012.

69. Denied as stated. The documents speak for themselves.

70. Denied in part as stated. The documents speak for themselves. Rosenberg received the sum stated. He had nothing to do with the payment of it. To date, the Trustee never asked for it, and Rosenberg likely will be filing an offer of judgment for fee shifting.

71. Denied as stated. The documents speak for themselves.

72. Denied as stated. The industry changed.

73. Denied and denied as stated. The documents speak for themselves.

74. Rosenberg is without sufficient information or belief to admit or deny this allegation. Rosenberg does not have knowledge of the plaintiff's legal determinations.

75. Denied. Again, the Trustee ignores the Settlement Agreement, the Plan, and his own deposition testimony.

76. Denied in part. Rosenberg is without sufficient information or belief to admit or deny this allegation. Rosenberg does not have knowledge of the Trustee's legal determinations, putting his deposition testimony aside. Again, the Trustee ignores the Settlement Agreement, the Plan, and his own deposition testimony.

77. Denied as stated. The documents speak for themselves. Again, the Trustee ignores the Settlement Agreement, the Plan, and his own deposition testimony.

78. Denied. Again, the Trustee ignores the Settlement Agreement, the Plan, and his own deposition testimony.

79. Denied.

80. Denied.

81. Denied.

82. Denied and denied as stated. The documents speak for themselves.

83. Denied as stated. The documents speak for themselves.

84. Denied and denied as stated. The documents speak for themselves. Again, the Trustee ignores the Settlement Agreement, the Plan, and his own deposition testimony.

85. Denied as stated. The documents speak for themselves. Again, the Trustee ignores the Settlement Agreement, the Plan, and his own deposition testimony.

86. Denied as stated. The documents speak for themselves.

87. Denied as stated. The documents speak for themselves.

88. Denied as stated. The documents speak for themselves. Admitted in part, as the Trustee confirms that the Debtor, and no one else, had reporting obligations. Creditors knew what was what.

89. Denied.

90. Denied. Without limitation, parties in interest asked and could have asked more, and they took discovery.

91. Denied.

92. Denied as stated. The documents speak for themselves.

93. Denied as stated.

94. Denied as stated. The documents speak for themselves.

95. Denied.

96. Denied.

97. Rosenberg is without sufficient information or knowledge to admit or deny this allegation. Denied as stated. Documents speak for themselves.

98. Denied as stated. The documents speak for themselves.

99. Denied as stated. The documents speak for themselves.

100. Denied as stated. The documents speak for themselves.

101. Upon information and belief, denied. Rosenberg cannot speak to what the Debtor thought.

102. Denied.

103. Denied and denied as stated. The documents speak for themselves.

104. Denied as stated. The documents speak for themselves.

105. Denied as stated. The documents speak for themselves.

106. Upon information and belief, denied.

107. Denied.

108. Denied and denied as stated. The documents speak for themselves. There does not appear to be an Exhibit E.

109. Denied as stated. The documents speak for themselves. As to the "forced closure" allegation, Rosenberg is without sufficient information or knowledge to admit or deny this allegation.

110. Denied.

111. Denied as stated. The documents speak for themselves. UBS is owed money. The Trustee hired UBS, for which money still is owed.

The [Alleged] Impossibility and Illegality of the Debtor's Business – Denied.

112. Denied and denied as stated. The documents speak for themselves.

113. Denied in part. The industry changed.

114. Denied.

115. Denied.

116. Denied. The industry changed.

117. Rosenberg is without sufficient knowledge or information to admit or deny this allegation. Rosenberg generally does not have knowledge of the creditors' knowledge.

118. Rosenberg is without sufficient knowledge or information to admit or deny this allegation. Rosenberg generally does not have knowledge of the creditors' knowledge.

119. Denied as stated. The documents speak for themselves. Rosenberg is without sufficient knowledge or information to substantively admit or deny this allegation.

120. Denied.

121. Denied.

122. Denied as stated. The recordings speak for themselves.

123. Denied as stated. The recordings speak for themselves.

124. Denied as stated. The recordings speak for themselves.

125. Denied as stated. The recordings speak for themselves.

126. Denied as stated. The recordings speak for themselves.

127. Rosenberg is without sufficient knowledge or information to admit or deny this allegation. Rosenberg generally does not have knowledge of the creditors' knowledge.

128. Denied as stated. The recordings and documents speak for themselves.

129. Denied as stated. The documents speak for themselves.

130. Denied as stated. The recording speaks for itself.

131. Denied as stated. The recording speaks for itself.

132. Denied as stated. The recordings speak for themselves.

133. Denied as stated. The recording speaks for itself.

134. Denied as stated. The recording speaks for itself.

135. Denied as stated. The recording speaks for itself.

136. Denied as stated. The recording speaks for itself.

137. Denied.

138. Rosenberg is without sufficient information or belief to admit or deny this allegation. Rosenberg does not have knowledge of the Trustee's legal determinations.

139. Denied and denied as stated. The documents speak for themselves.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Rosenberg is without sufficient information or belief to admit or deny this allegation. Rosenberg does not have knowledge of what the creditors would have done, if anything. To date, none of the creditors have filed suit, as an example. It is too late for that.

145. Denied.

The Debtor's Post-Confirmation Revenues and Assets [Allegedly] Were Used to Personally Enrich Defendants Cahill and Rosenberg - Denied.

146. Denied as stated. The documents and records speak for themselves.

147. Denied as stated. The documents and records speak for themselves.

148. Denied as stated. The documents and records speak for themselves.

149. Denied as stated. The documents and records speak for themselves.

150. Denied and denied as stated. The documents speak for themselves. The Trustee mischaracterizes.

151. Denied. Denied as stated. The documents and records speak for themselves. Again, the Trustee ignores the Settlement Agreement, the Plan, and his deposition testimony.

152. Denied and denied as stated. The documents and records speak for themselves.

153. Denied and denied as stated. The documents and records speak for themselves.

154. Denied and denied as stated. The documents speak for themselves.

155. Denied and denied as stated. The documents speak for themselves.

156. Denied and denied as stated. The documents speak for themselves.

157. Denied. That said, Rosenberg is without sufficient information or belief to admit or deny this allegation.

158. Rosenberg is without sufficient information or belief to admit or deny this allegation.

159. Rosenberg is without sufficient information or belief to admit or deny this allegation.

160. Denied and denied as stated. The documents speak for themselves.

161. Denied and denied as stated. The documents speak for themselves. Rosenberg has acknowledged receipt of the $3,000.00. To date, the Trustee never asked for it.

162. Denied.

163. Denied.

The Corporate Defendants [Allegedly] Were Shell Entities - Denied.

164. Denied.

165. Admitted.

166. Denied.

167. Denied and denied as stated. The recordings speak for themselves.

168. Denied and denied as stated. The recordings speak for themselves.

169. Denied and denied as stated. The documents speak for themselves.

170. Denied as stated. The document speaks for itself.

171. Denied as stated. The document speaks for itself.

172. Denied and denied as stated. The documents speak for themselves.

173. Denied. As an aside, Giglio is not a party.

174. Denied.

175. Denied as stated. The industry changed.

176. Denied. The Debtor owes money to UBS, as it has had secured creditor status, as approved by the Court.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

Count I
Breach of Contract
<u>Trustee v. UBS</u>

(Because the Trustee seeks to pierce UBS' corporate veil, Rosenberg has standing to contest Count I of the Trustee's third Amended Complaint.)

181. Rosenberg repeats and incorporates by reference his prior responses as if the same are set forth at length herein.

182. Denied as stated. The documents speak for themselves.

183. Denied. Again, the Trustee ignores the Settlement Agreement, the Plan, and his deposition testimony.

184. Denied and denied as stated. The documents speak for themselves. Again, the Trustee ignores the Settlement Agreement, the Plan, and his deposition testimony.

185. Denied. Again, the Trustee ignores the Settlement Agreement, the Plan, and his deposition testimony.

186. Denied. Again, the Trustee ignores the Settlement Agreement, the Plan, and his deposition testimony.

WHEREFORE, Rosenberg demands judgment in his favor and against the plaintiff dismissing the Third Amended Complaint with prejudice and awarding counsel fees and costs.

Count II
Piercing the Corporate Veil
Trustee v. UBS, Cahill and Rosenberg

187. Rosenberg repeats and incorporates by reference his prior responses as if the same are set forth at length herein.

188. Denied.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied. Its principals performed employment duties, consistent with any other consulting or management company.

195. Denied.

196. Denied and denied as stated. The documents and records speak for themselves.

197. Denied.

198. Denied.

199. Denied.

200. Denied.

201. Rosenberg is without sufficient information or knowledge to admit or deny this allegation.

202. Rosenberg is without sufficient information or knowledge to admit or deny this allegation.

203. Denied.

204. Rosenberg is without sufficient information of knowledge to admit or deny this allegation.

205. Denied.

206. Denied.

207. Denied.

208. Denied.

209. Denied.

210. Denied.

WHEREFORE, Rosenberg demands judgment in his favor and against the plaintiff dismissing the Third Amended Complaint with prejudice and awarding counsel fees and costs.

Count III
Equitable Subordination of Claim
Pursuant to 11 U.S.C. § 510(c)
Trustee v. UBS

211. Rosenberg repeats and incorporates by reference his prior responses as if the same are set forth at length herein.

212. Denied as stated. The document speaks for itself. That said, the proof of claim is valid, and the Trustee hired UBS to help the Debtor, for which money is owed.

213. Denied as stated. The law speaks for itself.

214. Denied.

215. Denied.

216. Denied.

217. Denied.

218. Denied.

219. Denied.

WHEREFORE, Rosenberg demands judgment in his favor and against the plaintiff dismissing the Third Amended Complaint with prejudice and awarding counsel fees and costs.

**Separate Defenses**

1. The plaintiff fails to state a claim upon which relief may be granted.

2. Under the express terms of the relevant instruments, UBS is not liable; Rosenberg is not liable; and Rosenberg did not violate any duties.

3. Assuming, for purposes of argument, and despite the plaintiff's deposition testimony, that the plaintiff's interpretations of the relevant documents are correct, UBS is not liable; Rosenberg is not liable; and Rosenberg did not violate any duties.

4. Rosenberg was not the alter ego of anything.

5. Rosenberg did not convert.

6. Rosenberg is not liable for punitive damages, treble damages, compensatory damages, counsel fees, and/or costs.

7. The claims, in whole or in part, are barred by the statute of limitations.

8. The damages, if any, were not the fault of Rosenberg, and they were the fault of parties over which Rosenberg had no control.

9. The claims are subject to set off and recoupment.

10. The claims in the complaint are barred by a failure of condition(s) precedent and/or subsequent.

11. The claims in the complaint are barred by reason of the plaintiff's contributory conduct, misconduct, and/or unclean hands.

12. The claims in the complaint are barred by the doctrines of laches, waiver, estoppel, and election of remedies.

13. The claims are frivolous.

14. All conduct engaged in by Rosenberg was justified and/or privileged, and was not malicious or violative of the "rules of the game."

WHEREFORE, Rosenberg demands judgment in his favor and against the plaintiff dismissing the Third Amended Complaint with prejudice and awarding counsel fees and costs.

## Cross-Claims

Rosenberg asserts cross claims against the other defendants for common law, statutory and contractual indemnification and/or contribution.

**Answer to Cross-Claims**

Rosenberg denies any and all cross-claim allegations asserted against him.

By: s/ Christopher J. Stanchina
Christopher J. Stanchina, Esquire

DATED: October 25, 2019