**FILED**

JEANNE A. NAUGHTON, CLERK

**FEB 2 5 2020**

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY ꓘꓣ _____ DEPUTY

| |
|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **DISTRICT OF NEW JERSEY** <br> *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br> Edmond M. George, Esquire <br> Angela L. Mastrangelo, Esquire <br> Obermayer Rebmann Maxwell & Hippel LLP <br> 1120 Route 73, Suite 420 <br> Mount Laurel, NJ 08054 <br> (856) 795-3300 <br> (856) 482-0504 (fax) <br> edmond.george@obermayer.com <br> angela.baglanzis@obermayer.com <br> *Special Counsel for Chapter 7 Trustee,* <br> *John W. Hargrave* |

| | |
|---|---|
| **In re:** <br><br>     **LOCALBIZUSA, INC.,** <br><br>                  **Debtor.** | **Chapter 7** <br><br> **Case No. 09-20654 (JNP)** |
| **LOCALBIZUSA, INC., by and through JOHN W. HARGRAVE, Chapter 7 Trustee,** <br><br>               **Plaintiff,** <br> v. <br><br> **UNIQUE BILLING SOLUTIONS, LLC, a Nevada Limited Liability Corporation, JEFFREY ROSENBERG, an individual, FRANK CAHILL, an individual, and, JOHN DOES 1-10, individuals,** <br><br>               **Defendants.** | **Adversary No. 14-1454 (JNP)** <br> **Judge Jerrold N. Poslusny Jr.** |

## JOINT PROPOSED DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the Plaintiff John Hargrave, the Chapter 7 Trustee (the "Trustee") of the estate of LocalBizUSA, Inc. (the "Debtor" or "LocalBiz"), Defendant Jeffrey Rosenberg ("Rosenberg") and Defendant Frank Cahill ("Cahill") conferred on November 8, 2019 and thereafter, and respectfully submit the following report of their meeting for the Court's consideration.

4823-1746-5773

## 1. Discussion of Claims, Defenses and Relevant Issues

Plaintiff's concise statement of the factual background:

The Trustee investigated the Debtor's business operations, the number of customers and billings of the Debtor, the contracts and transactions entered into by the Debtor, post confirmation creditor complaints regarding distributions, and various entities and/or individuals that controlled the Debtor's operations post confirmation. The principal question under investigation was whether the entities that controlled the Debtor's operations and transactions improperly removed monies from the Debtor resulting in intentional overpayments to themselves and substantial underpayments to remaining creditors. The simple answer is "yes."

As a direct result of Unique Billing Solutions LLC's ("UBS"), through its sole members Jeffrey Rosenberg ("Rosenberg") and Frank Cahill ("Cahill"), control and management of the Debtor and control over the Debtor's bank accounts, UBS, Rosenberg, and Cahill knowingly and intentionally made overpayments to International Consulting & Management Group, LLC, North American Marketing Tours, Inc. and UBS, and thus UBS, Rosenberg and Cahill, breached their contractual obligations to the Debtor. UBS was nothing more than a shell entity used by Rosenberg and Cahill to siphon monies of the Debtor in excess of any contractual rights to themselves, their other business entities, other entities controlled by friends and/or associates, entities that have settled with the Trustee (North American Marketing Tours, Inc. and International Consulting & Management Group, LLC), other individuals, and even the former principal of the Debtor, Pat Giglio.

The damages as a result of the actions of Rosenberg and Cahill range from $484,875.00 to $1,625,000. The Trustee seeks monetary damages against UBS, Rosenberg, and Cahill, as more fully set forth in the Trustee's Third Amended Complaint, for breach of contract against

2

UBS (Count I), piercing the corporate veil against UBS, Rosenberg and Cahill (Count II), and equitable subordination of UBS's claim (Count III) [Docket No. 251].

Default has been entered against UBS on the Trustee's Breach of Contract claim and Equitable Subordination of Claim Pursuant to 11 U.S.C. § 510(c) [Docket Nos. 154 and 259], and the Trustee has filed a Certification of Damages [Docket No. 255].

Defendant Jeffrey Rosenberg's concise statement of the factual background:

The Trustee's claims are foreclosed by the Settlement Agreement, the Plan, and his own deposition testimony; no facts support the Trustee's veil piercing allegations; the Trustee lacks standing and damages under the express terms of the Settlement Agreement and the Plan.

Defendant Frank Cahill's concise statement of the factual background:

The Trustee's claims are foreclosed by the Settlement Agreement, the Plan, and his own deposition testimony; no facts support the Trustee's veil piercing allegations; the Trustee lacks standing and damages under the express terms of the Settlement Agreement and the Plan.

A number of individuals related to the case will be subpoenaed for depositions and will be requiring e-discovery of any/all documents related to previous depositions.

## 2. Informal Disclosures

The parties do not believe any changes should be made to the form or requirement for disclosures under Federal Rule 26(a). The parties will serve Rule 26(a)(1) initial disclosures by February 14, 2020.

## 3. Formal Discovery

The parties anticipate that discovery will be necessary concerning the Plaintiff's claims and Defendants' defenses thereto. The parties anticipate that factual discovery can be completed by May 1, 2020. Some, but not all, of the parties already commenced discovery. The parties do not anticipate any significant e-discovery issues. The parties have agreed that all discovery

3

requests, responses and any other notices can be exchanged between counsel or party by email. The parties have agreed that electronically stored information (including e-mail communications) as well as any other documents produced), may be produced in pdf format or in the form to be provided by an agreed upon third-party e-discovery vendor. The parties intend to conduct depositions.

**4. Dispositive Motions**

The parties agree that any motions for summary judgment or partial summary judgment shall be filed no later than July 1, 2020. Responses to Motions for Summary Judgment shall be due in accordance with the D.N.J. LBR 9013-2.

**5. Expert Witness Disclosures**

The parties do not anticipate the involvement of expert witnesses in this matter, but reserve the right to revisit this issue during discovery.

**6. Early Settlement or Resolution**

The parties are amenable to attending a settlement conference before the Honorable Jerrold N. Poslusny, Jr., U.S.B.J.

**7. Trial Date**

The parties respectfully request that the scheduling of the trial take place six to eight weeks after the resolution of dispositive motions, if necessary.

4823-1746-5773

## 8. Other Matters

There are no additional matters that require the Court's intervention.

Respectfully submitted,

Dated: February _7_, 2020

By: _Angela L. Mastrangelo_

Edmond M. George, Esquire
Angela L. Mastrangelo, Esquire
OBERMAYER REBMANN
MAXWELL & HIPPEL LLP
1120 Route 73, Suite 420
Mount Laurel, New Jersey 08054
Phone: (856) 795-3300
Fax: (856) 482-0504
*Special Counsel for Plaintiff John Hargrave,
Chapter 7 Trustee of LocalBizUSA, Inc.*

Dated: February _7_, 2020

By: _Christopher J. Stanchina_

Christopher J. Stanchina, Esquire
Christopher J. Stanchina, Esquire, LLC
222 New Road, Suite 206
Linwood, New Jersey 08221
(609) 927-0200
(609) 927-0900 FAX
*Counsel for Defendant Jeffrey
Rosenberg*

Dated: February ___, 2020

By: _Frank Cahill_

Frank Cahill, Individually
588 Lake Shore Drive
Parsippany, NJ 07054

5